Henry Hageman, T. Hall Brammey appearing for appellants, and Ada Cordero-Sacks appearing for appellee. Alright. Mr. Brammey, do you wish to reserve some time? Yes. Four minutes, please. Okay. You may commence. May it please the Court, from Hall Brammey on behalf of the appellants, Crystal and Christopher Hageman, and representing myself with respect to the appeal of the ruling on sanctions. Mr. Brammey, you didn't appeal on behalf of yourself, did you? I did the sanctions portion, the sanctions ruling. We have two appeals here consolidated. Okay. The case at its core is about a set of dishes allegedly converted by the appellants, specifically by Crystal Hageman. These dishes belonged to the appellee's parents, and were of such minimal value that they elected to abandon the dishes at the storage facility that they maintained. Despite the notices from the storage facility, they did not go pick up these dishes, and they did not show up at the auction where no one bid on the dishes. And according to a case, they were donated to charity. The appellee's parents then sued Cole, the storage company, and they lost because Cole followed the statutes on abandoned property. Any interest the appellee's parents had in these dishes was wiped out. That should have been the end of any claims to the dishes. But Crystal Hageman worked for Cole at the time, and the appellee contended that Ms. Hageman converted the items for her own use. Ms. Hageman denies this, and there's no evidence provided in the record supporting this claim. Well, but you're now giving us the underlying facts, which we are basically familiar with, but that's not really what this appeal is about, correct? Or these appeals? It's background, underlying facts. Okay. I just want to be clear. The lack of evidence isn't really going to get us too far on this because we've got more technical issues directly in front of us. So go ahead. Okay. At this point, it didn't matter. Even if she had taken the property, it no longer belonged to appellee or her parents. Just out of wild curiosity, when there was a complaint filed against your client, was that part of the response on the defense, what you're telling us now? There was initially a complaint in Superior Court. Oh, I understand that. But you filed a bankruptcy, and now it's in bankruptcy court. So is all this lovely stuff you're telling us part of the answer, which you withdrew? Oh, no, but I believe it's part of the motion. Okay. Okay. I guess the point I'm trying to get to slowly here is that the appellants were not required to file anything in opposition to the appellee's motion for a default judgment. Because of the rules on default judgment, appellants were entitled to seven days' notice, and they could show up at the prove-up hearing. There was no requirement to file anything. In this case, the appellants did file written objections and an opposition to the motion for an entry of default judgment that was filed by the appellee. Counsel, what's in front of us is your appeal of a Rule 60 motion that was filed a year after that judgment was entered, and your appeal of the sanctions motion, which was imposed for filing the Rule 60B motion. None of the underlying litigation makes any difference at this point other than what happened at Rule 60B and what happened with respect to the merits of the Rule 60B motion, right? Certainly. Well, the 60B motion was denied based on the fact that the court determined that no mistake was made and that the judgment was not void. So what I'm getting to is the judgment is void. Why is the judgment void? Let's get to it. Because the appellants were denied due process. How were they denied due process? You withdrew the answer, number one, which led to the hearing, the default prove-up hearing, correct? Correct. You got notice of the default prove-up hearing, correct? Certainly. It set a timetable for responding, correct? For a motion, but not for the hearing. I mean, the hearing didn't require any response. The point I'm making is if it's called a motion, you can call it a motion, but under the code, there is no response required. So the fact that my clients filed a written response two days before, that response should have been considered and they should have been heard when they showed up at the hearing. Can I make sure we all agree on what was at stake at that hearing? I mean, look, a complaint is filed in state court. You certainly knew about it. It morphs into an adversary proceeding as happens, right? That goes on for a year and a half, right? And after a year and a half, you withdraw an answer. And then there's, I mean, so what's at stake at the motion of a default judgment? It's how much. It's not are you liable. That's over with. That's done. It's how much, correct? Correct. All right. So in what sense were you arguing about, I mean, if the argument was about anything other than how much, it was not justiciable at that point, right? Correct. The argument was that the damages were zero. They were zero. No, no, no, no. That's a whole other issue. I mean, we have no liability. You're way past that point. You're way past that point. You have liability at this point. You can have liability without damages. If we concede liability. Well, if the answer is, well, it's zero because these things are worthless, that's one thing. If it's zero because we ain't liable, that's wrong. That's just you can't get there. So tell me how that worked out for you. Not too well. The strategy of saving money and streamlining this process by withdrawing the answer in retrospect would have been much cheaper to go to trial. However, that proceeding was appropriate, and the argument is there should not be any judgment entered because these dishes are worthless. Counsel, the judgment's entered. You appeal, right? Yes. No. No, you don't appeal. No, you don't appeal. No, you don't appeal. You don't do anything for a year, and then you file a Rule 60B motion. That's what we're faced with today. Right. And in your Rule 60B motion, you're suggesting, hey, you never had jurisdiction. Really? My due process rights were violated. Really? That's a year ago. And the argument is we didn't have notice? You had notice. So what you're trying to do is use the Rule 60B as an appeal from the underlying judgment. That's not appropriate. So I'm struggling with where your position is, the merits of your position vis-a-vis what the judge has ruled with regard to not granting you the relief under Rule 60B and imposing sanctions. The Rule 60B, the violation of due process was because my client's objections were not heard. They were not considered. But that could have been the basis of appeal. But the kind of jurisdiction that deprives the court of the power to rule is not the kind of argument you're making here today. This isn't a case. If you look at your own case law, those are cases where the court lacked power. The party was a foreign entity over which the United States court had no jurisdiction in the most fundamental sense. Or I think one of them is a class action case where the class hadn't been properly certified. We don't have those kind of things. We have something where you say, I got notice, an opportunity to be heard, which is the minimum required under Mullane v. Central Hanover Bank. So you got what the Supreme Court of the United States has told us is sufficient notice for the court to invoke its power over you and your clients. And you failed to appeal from that. You've got some arguments. I'm not taking them away from you. Who knows what would have happened on appeal? But this is a Rule 60 situation. And I don't see your cases as supporting that the court didn't have jurisdiction. It may have been an abuse of discretion in how the hearing was conducted. But did the court not have the power to rule? That's really the question. And it's hard to argue they didn't when you got notice. I'm not arguing notice at all. I'm arguing that it's as if we got notice and we showed up and weren't heard. That's what happened. That's the due process violation. Yes, we got notice. We know what we want to say. We go in. We file written objections before. And the hearing is clear. It's completely not consensual. Well, you know what, arguably that's a mistake. And that's why people appeal. But I'll give you a more close-to-home example. Espinoza. Espinoza, everybody forgets, is a 60B case. And the argument was that because this was done the wrong way, the court lacked the power to do it. The Supreme Court said, no, the court had all the power in the world to do it. This isn't 60B-4. It's just arguably it should have been done through an AP, not a plan. So, I mean, that's a bankruptcy-friendly. You know, 60B-4 is just not about, well, we didn't get heard today. It's about the court lacked the power to do the thing it did. And if you can tell us why that's the case, you're going to get somewhere. If you're going to tell us a mistake was made, Judge Taylor is exactly right. That should have been appealed. It says that the trial is set and the defendant shows up and the plaintiff shows up and the plaintiff is heard and the judge says, okay, we're done. Thank you. And the defendant says, wait, I haven't had a chance to be heard. And if I were you, I'd appeal that. That's an appeal. And if I were you, I'd appeal that. Well, the case law is pretty clear that you can do either. It said most cases are not appealed directly from the default judgment, but our motion to set aside is filed first and then appealed. It's also we're claiming mistake. It is a mistake by the court to refuse to consider those papers. But is it mistake also in the 60B context? It has a specialized meaning, and that is it's got to be a mistake that you – an issue you couldn't have raised at that time, and you did. Again, it was the mistake is not code for an alternative to appeal. It's something new that you learned or something that you couldn't have raised. I don't – how is that kind of mistake extant here? I don't know that we're saying there's that kind of a mistake. It's along the mistake, inadvertence, excusable neglect. This is a mistake. It was a mistake by the court and by the other party in insisting that we not be heard. But counsel, aren't you really arguing that I can use Rule 60B as a substitute for an appeal? I didn't do an appeal, but I came in a year later. I still have time, and I'm in here arguing that the court did something wrong. So in effect, Rule 60B is my substitute for an appeal. Well, it's not a substitute for an appeal because then the Rule 60B ruling is appealed. That's the order that's appealed. The order that's appealed is the denial of the set-aside of that judgment that was entered with no evidence. I mean there's clearly something wrong here that the evidence consists of. Well, the evidence was that the owners of the property testified as to what its value was, and you thought there should be expert testimony that should have been adduced, but the court didn't require it. That issue was also a basis for the sanctions to be imposed because it had previously rejected that argument. So I'm not clear on how you get 60B to be a substitute for your appeal. I think it's appropriate to file a 60B to overturn, to set aside the default judgment that was entered improperly. The evidence, it wasn't only expert testimony required. It could have been competent evidence, but there has to be a foundation. There has to be these dishes were owned by my grandmother, and they've been in my family for 100 years, and at some point we purchased this one, or we were offered this money, or I know about dishes or something. Not just the statement that said the value of the items at the time Crystal Hageman wrongfully kept was $189,845. So help me here. Help me here. The court found that testimony to be sufficient to enter a judgment in favor of the plaintiff in that instance, and you didn't appeal that decision. You have the right to come at it immediately and say that's insufficient. Instead, you waited a year and then filed the rule 60B. How is that fair? How does that comply with the rules? How does that make sense? Then why would you ever need to appeal the decision if you could just use rule 60B? You could do either. You could use 60B if you feel you have ground, or you could use an appeal if you have ground. Okay. We're already into your time, so do you want to reserve the rest of your time? No, I'll finish my argument here. Okay. Go ahead. Given the situation, what were counsel to do? The only thing to do at the time, after a period of time when the appeal period had passed because we elected not to appeal, the answer from the court and from the appellee is that we should have done nothing, just accepted this huge judgment, improper attorney's fees, and improper pre-judgment interest. But we couldn't do that. I couldn't do that. And I filed a good motion to set aside the default judgment. Everything in my motion is supported by the case law or by the statutes. There's nothing in there that's frivolous. The court might disagree with my motion, but as far as sanctionable conduct, there's nothing in there that's frivolous. Nothing is filed for an improper purpose. There were no collection actions bearing down our throat. Essentially, the appellee hadn't done anything to enforce the judgment, so it wasn't for a delay. It wasn't any improper purpose that could be cited. The motion for sanctions is not specific as to what the problem is. There's no way to tell by reading that that there's any problem other than the filing of the motion itself, which I contend we had no other option to do because the judgment was so bad that was entered into the court. Your time is up, counsel. Okay, thank you. Thank you. All right. Ms. Cordera-Sacks? May it please the court and good morning. I'm just going to touch on a few items. That'll take the 15 minutes, which I'm sure is a pleasure to everybody's ears. There's a basic tenet in our jurisprudence, the finality of judgments. The debtors had a pattern of doing this. In state court in 2016, we were two days away from jury trial. They filed a vacuous BK. Two days before our pretrial conference, which, as you know, there's just a lot of work. It's an enormous amount of work. We did it twice unilaterally because debtors didn't participate. In that document, we had an investigator that was clearly going to show that their BK was false. So instead of litigating, they did the strategic withdrawal. They withdrew their answer. In so doing, all the allegations in the first amended complaint, except for damages, were deemed true. So with that preface, we got the default entered once they withdrew their answer, and we did our package. Now, COVID hit. COVID hit right at that time. I didn't anticipate even before COVID there being an actual hearing because most of these things were done on declaration. They had withdrawn. All we had to talk about was the damages and then go through the whole factors. Now, I find it very interesting that in their record, they don't even attach the motion, the application with all its backup. We did. It's all there. Now, I understand we had that hearing on June 4th of 2020. Of course the court wasn't going to have a live hearing then. We were in COVID. But even if we hadn't been in COVID, there wouldn't have been a live hearing. They did submit these objections, which had already been ruled on. Statute of limitations was gone. Court had ruled on that. Court had ruled already on the expert witness part. You don't need an expert. The court even said that was textbook law. So all these were decided in 2020. We got our judgment. Now, of course, we're in COVID, so we didn't do a lot to enforce the judgment because we couldn't. You couldn't physically go to court to get a writ. So everything was just kind of delayed. That was life in summer of 2020 on. That was life. And then we get this motion. I think it's after a year because if you look at 60B, it says or order or proceeding. So that is a question. This would apply to the mistake. You think that ground for relief is untimely? That's outside the one year. Correct. And I made that at the trial court level as well because I said 60B, C, when it says timing, it says within one year of entering judgment or order or the date of the proceeding. So I submit that they were outside. But even if they were inside, they didn't bring anything new. As the court correctly noted, they should have appealed it then. If they thought in June of 2020, they were entitled to have a live hearing, which there's case law that says, which I cite in my brief, which I can't find right now, you don't have to have a live hearing, even before COVID. You don't have to have a live hearing. It can be done on declarations. If they submitted they really wanted to be able to go to this live hearing and cross-examine the plaintiff, then they could have appealed that then in June of 2020, not come back a year, no reasons for waiting the year. Again, I submit it's outside of the year. Then they had this whole voidness argument, which we addressed below, which says that's just like a jurisdictional issue. You can't get there. And we repeatedly told them you cannot use a 60B motion in substitute for an appeal, and I have that case cited. It's the Kosher v. Dow Chemical case. It says you can't do that. And that's exactly what it appears that they're doing. So, Your Honor, I think, Your Honors, I think you've really kind of got the grasp of it. And I do want to say- So, Ms. Sachs, the other thing is that you wrote them and said this motion is not viable. I'm going to give you a chance to withdraw it, and we won't have to have a hearing, and you won't have to spend any more money. And, of course, you didn't get any response that was indicative of they understood and were taking any action based upon the motion that you filed and the request that you made under Rule 9011, right? That's exactly where I was going to go to now, exactly. We gave them the opportunity to withdraw it. We served the motion without filing it. Well, there's no question the safe harbor parts were complied with, right? That's not being argued. Correct. It appears that he just thinks that it's unfair. It's not well taken, yeah. Right, for the amount. But we did give them the opportunity, the full 21 days. And even the court below said it's rare for them to grant sanctions. As this judge said in his decision, it's very rare to grant sanctions. But this is something frivolous beyond anything he's seen in his 10 years, or, you know, I cite the record. And I agreed with that. I don't usually seek sanctions. But it was so over the top to get something a year later that was the same recycled, already dispensed with experts, statute of limitations, this due process, seven days versus 20 days. And what was crazy is that then they just switched course and said they never made those arguments. And even in the courts, I don't know if the judges read the hearing. But the court's like, yes, Mr. Bremy, you did make those arguments. And you pointed to the page. So it just felt like a little bit of a twilight zone going on there. But does the court, do any of the judges have any questions for me? I do not. I do not. I just don't want to repeat myself. I would just like to close that there is a tenant of finality of judgment. In June of 2020, if they felt so aggrieved that there should have been a live hearing in June of 2020, which wasn't going to happen with COVID. I mean, maybe it would have been virtual. And there's a case law that says the court does not have to have a hearing for the prove up judgment. If it wants to, it can have it because it wants to ask questions. And even they can see that they were in default. So, yes, they could have asked some questions, but they weren't really in court. But in any event, I would just like to close that this should have been done in June of 2020, not August of 2021. And I submit that the sanctions were appropriate and warranted. All right. Thank you very much. All right. And we have exhausted the time of the appellate. All right. Thank you very much. This will be submitted. Thank you. Thank you.
judges: Taylor, Lafferty, Gan